**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**RODNEY TAYLOR**,

                                  **Plaintiff**,

                   **v.**                                    **1:04-CV-0487**
                                                            **(GLS/DRH)**

**LINDA BRONTOLI**, **Ulster County**
**Probation Officer**; **TREVOR**
**BARRINGER**, **Ulster County**
**Police Officer**; **ANDREW SEYFARTH**,
**Ulster County Police Officer**,

                                  **Defendants**.
_____

**APPEARANCES:**               **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Rodney Taylor
Plaintiff, _Pro Se_
746 Route 213
Rosendale, New York 12472

**FOR THE DEFENDANTS:**
_(Brontoli)_
MAYNARD, O'CONNOR            MICHAEL E. CATALINOTTO, JR.,
LAW FIRM                     ESQ.
Route 9W
P.O. Box 180
Saugerties, New York 12477

_(Barringer, Seyfarth)_
ROEMER, WALLENS             ELENA M.R. DeFIO, ESQ.
LAW FIRM
13 Columbia Circle

Albany, New York 12203

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER
### I. Introduction

Following his arrest after a probationary search of his girlfriend Tracy Malloy's residence, plaintiff *pro se* Rodney Taylor filed a complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his Fourth Amendment rights.  Pending are various motions for summary judgment made by Taylor and the defendants.  *See Dkt. Nos. 42, 48, 57.*[1]  For the reasons that follow, the motions for summary judgment are DENIED with leave to renew.  If the parties choose to refile, the following areas should be addressed: (1) greater factual detail of the search conducted of the Malloy home, (2) Taylor's privacy interest in the place searched and (3) the impact of *Georgia v. Randolf* on the parties' claims.  *See Georgia v. Randolf*, 126 S. Ct. 1515 (2006).

### II. Background

---

[1]On October 17, 2004, Taylor filed a motion for summary judgment.  *See Pl. Mot. Summ. J., Dkt. Nos. 42, 45.*  Defendant Brontoli filed a cross motion for summary judgment, as did defendants Barringer and Seyfarth.  *See Defs. Cross Mots. Summ. J., Dkt. Nos. 48, 50.*

2

## A.    Malloy's Probationer Status

Linda Brontoli was assigned to supervise probationer Tracy Malloy in

January 2004.  *See Brontoli SMF ¶ 2; Dkt. No. 48.*  As a condition of her

probation, Malloy was required to abstain from the consumption or

possession of alcohol or illegal drugs.  *See id.* at ¶ 3.[2]  Malloy was also

required to allow Brontoli to search her "person, premises, residence,

vehicle and any area under her immediate control without prior notification."

*See id.* at ¶ 4.  Taylor, Malloy's boyfriend, was aware that she was on

probation.  *See id.* at ¶ 5.[3]  He was also aware that Malloy's residence had

been subject to searches in the past.  *See id.* at ¶ 6.

## B.    Alcohol Purchase

On March 9, 2004, Brontoli observed Malloy and Taylor in a high

crime area of Kingston purchasing what appeared to be alcoholic

---

[2]Under "special conditions" the order of probation states the following:
"[you must] abstain from the personal consumption or possession of alcohol,
illegal drugs, or drugs not prescribed to you and submit to recognized tests to
determine their use.  Do not use or possess any product designed to alter the
results of recognized drug tests.  Do not allow alcohol, illegal drugs or drug
parahernalia in your residence or vehicle."
*See Brontoli Cross Mot. Summ. J., Ex. G, #12; Dkt. No. 48.*

[3]Malloy had a history of drug abuse and noncompliance with her probation conditions.
*See Brontoli Aff.* ¶ 4; *Dkt. No. 48.*  Taylor had previously been convicted of robbery in the
second degree.  *See Brontoli SMF* ¶ 12; *Dkt. No. 48.*  Taylor was also aware that home visits
by probation had occurred at Malloy's residence in the past.  *See id.* at ¶ 5.

beverages.  *See Brontoli Aff.* ¶ 4.  Later that day, Brontoli conducted a

home visit at Malloy's residence[4] accompanied by another probation officer

and three Ulster County Police Officers, including defendant officers

Seyfarth and Barringer.  *See Taylor SMF* ¶ 2; *Dkt. No. 45.*[5]  Upon arrival at

Malloy's residence, the officers were met by Taylor. *See Brontoli SMF* ¶¶

13, 14, 16; *Taylor SMF* ¶ 3.  He informed the officers that Malloy was not

home and that they could not enter the trailer because they did not have a

warrant.  *See id.*  Brontoli had previously observed Malloy at the residence

and informed Taylor of her right as a probation officer to enter and search

the premises.  *See Brontoli Aff.* ¶ 5.

### C.    The Entry and Search of the Malloy Residence

After Taylor refused entry to the premises, Officer Barringer

physically removed Taylor from the entranceway and the defendants

entered the trailer.  *See Taylor SMF* ¶ 4.  Once inside, Brontoli asked

Malloy to provide a urine sample and began to search the premises for

---

[4]Malloy is the sole owner of trailer-home subject to the home-visit, located at 321 East Side Road, Ruby, New York.  *See Brontoli SMF* ¶ 8.  While Taylor refers to it as his home, this is countered by his own statement that he in fact lives with his parents in Rosendale, New York.  *See Taylor Dep.,* p. 12 ¶¶ 22-23, Ex. G.; *Dkt. No. 57.*

[5]The Ulster Police Department was contacted prior to the visit to provide backup.  *Def. SMF* ¶ C; *Dkt. No. 54.*

alcoholic beverages.  *See id.* at ¶6.[6]  While searching the common areas of the trailer, Brontoli uncovered a bolt action .22 rifle in an unzipped suitcase filled with women's clothes on top of Malloy's washer.  *See Brontoli Aff.* ¶7.[7]  Following this discovery, Taylor admitted to owning the gun and was subsequently arrested.  *See Taylor SMF* ¶¶10, 12.[8]

## III.  Discussion

### A.   Local Rule 7.1(a)(3)

The Local Rules of this district require the moving party initiating a motion for summary judgment to submit a statement of material facts. More specifically, Local Rule 7.1(a)(3) provides:

> Any motion for summary judgment shall contain a Statement of Material Facts.  The Statement of Material Facts shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue.  Each fact listed shall set forth a specific citation to the record where the fact is established.

---

[6]This following is in dispute: Taylor contends that both Brontoli and a police officer were involved in the search.  *Taylor SMF* ¶6.  The police maintain that they only conducted a plain-view search of the premises.  *Defs. SMF* p. 5 ¶E; *Dkt. No. 54.*

[7]Greater factual detail regarding the search is laid out in Brontoli's Affidavit but not in her SMF.  The court cannot substitute her affidavit for a statement of material facts as is required by the local rules.  N.D.N.Y. R. 7.1(a)(3).

[8]A search incident to Taylor's arrest also revealed a hypodermic syringe in his pocket. *Taylor's SMF* ¶12.

N.D.N.Y. R. 7.1(a)(3).  Moreover, "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." *Id.*

Here, the statements of material facts are not adequate or complete as is required by the local rules.  *See Dkt. Nos. 45, 48, 54.*  In particular, the court notes that large gaps exist as to the circumstances surrounding the search itself.  For example, pertinent information regarding the scope of the places searched is missing, as well as information as to who conducted the search and uncovered the gun.  Accordingly, both Taylor and the defendants' motions for summary judgment are denied, with leave to renew in compliance with Local Rule 7.1(a)(3).

### B.    Fourth Amendment

Taylor claims that his Fourth Amendment rights were violated during a search of the home of probationer Malloy.  The search resulted in Taylor's arrest when a gun belonging to him was uncovered in a suitcase at the residence.

"Fourth Amendment protections extend only to unreasonable government intrusions into...legitimate expectations of privacy." *U.S. v.*

6

*Balon,* 384 F.3d 38, 44 (2d Cir. 2004) (internal quotation marks and citation omitted). A party challenging a search must "demonstrate that he personally has an *expectation of privacy in the place searched*[,]" and "that his expectation of privacy is reasonable." *U.S. v. Haqq*, 278 F.3d 44, 47 (2d Cir. 2002) (internal quotation marks and citation omitted).

Here, the parties offer no arguments as to whether Taylor had a reasonable expectation of privacy in the place searched, namely, the suitcase. At this juncture, based on the facts as provided by the parties, the court cannot resolve this issue. Accordingly, the motions are denied.

### C.   *Georgia v. Randolf*

Lastly, the court would like the parties to address the impact here, if any, of the recent Supreme Court case, *Georgia v. Randolf*, 126 S. Ct. 1515 (2006). Specifically, the parties should address whether Taylor had the right to refuse consent for the search when the officers arrived at the residence.

The facts in *Randolf* are similar to the circumstances here. In *Randolf,* the police went to the home of estranged couple, Scott and Janet Randolph, to investigate a domestic dispute. *See Randolf*, 126 S. Ct. at

1519.  Upon the officers' arrival, Scott refused to consent to a search of the premises, while Janet consented and informed the police of Scott's drug use.  Based on Janet's consent, the police conducted a search and found evidence of cocaine use.  *See id.*

Scott was subsequently charged with possession of cocaine, and moved to suppress the evidence obtained through the search.  *See id.*  The trial court denied the motion, and Scott appealed.  *See id.*  The Georgia Court of Appeals reversed, and the Georgia Supreme Court affirmed its decision.  *See id.*

The Supreme Court held that "a warrantless search of a shared dwelling for evidence over the express refusal of consent by a physically present resident cannot be justified as reasonable as to him on the basis of consent given to the police by another resident." *Id. at 1520.*  For the purposes of this case, the issue becomes whether a non-probationer can refuse consent to a search of a home where he may have a legitimate expectation of privacy*,* which is subject to searches by another occupant's probationary status.

Here, Taylor contends that the search at issue violated his Fourth

Amendment rights because the officers did not have a warrant to enter the home. *See Taylor MOL pp. 2-4; Dkt. No. 45.* Based on his belief that the officers needed a warrant to enter the home, Taylor explicitly refused consent to the search upon the officers' arrival. *See id.* Brontoli contends that a warrant was not required here because Malloy previously consented to searches of her home as a condition of probation. *See Brontoli MOL p. 9; Dkt. No. 48.* Accordingly, if the parties choose to resubmit their motions, the court would like the parties to address the impact of the *Randolf* holding.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED**, that plaintiff's motion for summary judgment (*Dkt. Nos. 42, 45*) is **DENIED** with leave to renew; and it is further

**ORDERED**, that defendants' cross motions for summary judgment (*Dkt. Nos. 48, 50*) are **DENIED** with leave to renew; and it is further

**ORDERED**, that the Clerk of the Court provide a copy of this Order to the parties.

**IT IS SO ORDERED**.

9

July 11, 2006
Albany, New York

Gary L. Sharpe
U.S. District Judge