**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**RODNEY TAYLOR,**

                      **Plaintiff,**

            **v.**                                    **1:04-CV-0487**
                                              **(GLS/DRH)**

**LINDA BRONTOLI, Ulster County**
**Probation Officer; JANE DOE,**
**Ulster County Probation Officer;**
**TREVOR BARRINGER, Ulster County**
**Police Officer; ANDREW SEYFARTH,**
**Ulster County Police Officer,**

                      **Defendants.**
_____
**APPEARANCES:**              **OF COUNSEL:**

**FOR THE PLAINTIFF:**

Rodney Taylor
Plaintiff, _Pro Se_
11 John Taylor Drive
Rosendale, New York 12472

**FOR THE DEFENDANTS:**

(Brontoli, Doe)
MAYNARD, O'CONNOR        MICHAEL E. CATALINOTTO, JR.,
LAW FIRM                 ESQ.
Route 9W
P.O. Box 180
Saugerties, New York 12477


(Barringer, Seyfarth)

TOWNE, BARTKOWSKI      ELENA DeFIO KEAN, ESQ.
LAW FIRM
7 Wembley Court
Albany, New York 12205

**Gary L. Sharpe**
**U.S. District Judge**

## MEMORANDUM-DECISION AND ORDER

### I.  Introduction

After a probationary search of Tracy Malloy's residence, *pro se*

plaintiff Rodney Taylor was arrested.  He subsequently filed a complaint

pursuant to 42 U.S.C. § 1983, alleging a violation of his Fourth Amendment

rights.  *See Dkt. No. 1.*[1]  Pending are defendants' renewed motions for

summary judgment.  *See Dkt. Nos. 60, 62.*[2]  For the following reasons,

defendants' motions are granted.

### II.  Background[3]

---

[1]In addition to his § 1983 cause of action, Taylor asserts a series of state law violations. *See Dkt. No. 1.*  Since the court holds that Taylor's Fourth Amendment claim is without merit, it will not consider the merits of his pendent state law claims.  Accordingly, all pendant state law claims are dismissed in their entirety.

[2]The court previously instructed the parties to address the following areas in their renewed motions: (1) greater factual detail of the search conducted at the Malloy home, (2) Taylor's privacy interest in the place searched and (3) the impact of *Georgia v. Randolf,* 547 U.S. 103 (2006)*,* on their arguments.  *See Dkt. No. 59.*

[3]In their first motions for summary judgment, defendants failed to submit adequate statements of material facts in compliance with Local Rule 7.1(a)(3).  *See Dkt. Nos. 48, 54.* Most importantly, they omitted pertinent information regarding the scope of the search of Malloy's trailer.  The most recent statements of materials facts cure these defects and are

2

## A.    East Side Hill Residence

Tracy Malloy is the sole owner of a trailer at 321 East Side Hill in Ruby, New York.  *See Brontoli SMF ¶8, Dkt. No. 60.*  Taylor, Malloy's boyfriend, stayed at the East Side Hill trailer two to three times a week. *See id.* at *¶10.*  The majority of the time, Taylor resided at his parents' house in Rosendale, New York, and he received his mail and kept his clothes there.  *See Brontoli SMF ¶¶9, 12-13, Dkt. No. 60.*  Taylor also kept a change of clothes in a suitcase at Malloy's trailer.  *See id.* at *¶11.*  At the time of the search, Malloy had four to five suitcases at her residence.  *See id.* at *¶15.*  Taylor did not know what Malloy kept in these suitcases nor did he look into these suitcases prior to March 2004.  *See id.* at *¶16.*

## B.    Malloy's Probationer Status

Linda Brontoli was assigned to supervise probationer Malloy in January 2004.  *See Brontoli SMF ¶2, Dkt. No. 48.*  As a condition of her probation, Malloy was required to abstain from the consumption or possession of alcohol or illegal drugs.  *See id.* at *¶3.*  Malloy was also

---

considered the controlling documents.  *See Dkt. Nos. 60, 62.*  However, the court has also looked to the parties' original statements, *see Dkt. No. 48, 54,* to define the undisputed material facts.  It should also be noted that Taylor has failed to file a responding statement of material facts despite four extensions of time.  *See* N.D.N.Y. R. 7.1(a)(3).  As such, the court has referred back to his original filing.  *See Dkt. No. 45.*

3

required to allow Brontoli to search her "person, premises, residence, vehicle and any area under her immediate control without prior notification." *See id.* at ¶4.  Taylor was aware that Malloy was on probation.  *See id.* at ¶5.  He was also aware that Malloy's residence had been subject to searches in the past.  *See Brontoli SMF ¶6, Dkt. No. 48.*

## C.   **March 9, 2004**

On March 9, 2004, Brontoli, accompanied by defendant police officers, conducted a home visit at Malloy's trailer.  *See Taylor SMF ¶2, Dkt. No. 45.*  Upon arrival at Malloy's residence, the officers were met by Taylor.  *See id.* at ¶¶2-3.  He informed the officers that Malloy was not home and that they could not enter the trailer because they did not have a warrant.  *See id.*  Brontoli had previously observed Malloy at the residence, and she informed Taylor of her right as a probation officer to enter and search the premises.  *See Brontoli SMF ¶26, Dkt. No. 60.*

After Taylor refused entry to the premises, Officer Barringer physically removed Taylor from the entranceway, and the defendants entered the trailer.  *See Taylor SMF ¶4, Dkt. No. 45.*  Once inside, Brontoli asked Malloy to provide a urine sample and began to search the premises for alcoholic beverages.  *See Brontoli SMF ¶¶31-34, Dkt. No. 60.*  While

4

searching the common areas of the trailer, Brontoli discovered a bolt action

.22 rifle in an unzipped suitcase filled with women's clothes on top of

Malloy's washer.  *See id.* at *¶¶35-37.*  Subsequently, Taylor admitted to

owning the gun and was arrested.  *See id.* at *¶44.*

### III.  Discussion

### A.    Fourth Amendment Claim[4]

Taylor claims that his Fourth Amendment rights were violated during

the search conducted on Malloy's residence.  This contention is without

merit because Taylor has failed to establish a privacy interest in the place

searched, namely, the suitcase where the gun was discovered.

"Fourth Amendment protections extend only to unreasonable

government intrusions into...legitimate expectations of privacy."  *U.S. v.*

*Balon*, 384 F.3d 38, 44 (2d Cir. 2004) (internal quotation marks and

---

[4]The court also asked the parties to address the implications of the recent Supreme
Court case *Georgia v. Randolf*.  In *Randolf,* the court addressed the issue of whether an
evidentiary seizure is lawful when the police enter a shared dwelling with the permission of one
occupant over a co-occupant's (who is physically present) express refusal to consent.  *See
Georgia v. Randolf,* 126 S. Ct. 1515, 1518-19 (2006).  The court held that a physically present
co-occupant's refusal to consent prevails, and the fruits of the search may be suppressed as to
him.  *See id.*

Defendants maintain that the ruling in this case should not be extended to the facts
here because it is undisputed that Taylor was aware that Malloy was on probation and that her
trailer was subject to searches.  This court agrees.  Under these circumstances, *Randolf* is
distinguishable because Malloy's residence was already subject to searches under a probation
agreement.

citation omitted).  Therefore, to determine whether an unreasonable

search has occurred, a legitimate expectation of privacy must first be

established.  *See Palimieri v. Lynch*, 392 F.3d 73, 81 (2d Cir. 2004) ("A

Fourth Amendment search does not occur - even when the explicitly

protected location of a house is concerned - unless the individual

manifested a subjective expectation of privacy in the object of the

challenged search[.]"); *see also U.S. v. Haqq*, 278 F.3d 44, 47 (2d Cir.

2002) ("[W]hen considering the legality of a search of an object within a

home, courts have properly focused on the defendant's expectation of

privacy in *the object* apart from his expectation of privacy in the home.").

Here, there is no basis to find that Taylor had a reasonable

expectation of privacy in the suitcase at issue, regardless of any potential

privacy interest he asserts in the entire trailer.  Taylor's deposition

testimony defeated any claim of privacy he may have had in the suitcase.

Specifically, Taylor testified that he kept a change of clothes for his visits

to Malloy's trailer in a suitcase in the bedroom.  *See Brontoli SMF ¶11,*

*Dkt. No. 60.*  Otherwise, he stated that he kept his clothes at his parents'

house in Rosendale, New York.  *See id.* at *¶¶11-12.*  Additionally, Taylor

was aware that Malloy had other suitcases in the house but did not know

6

their contents or look into the suitcases during or before the time of the search.  *See id.* at *¶¶15-17.*  Based on these facts, it is evident that Taylor neither owned the suitcase in question nor knew of its contents to establish a privacy interest therein.  *See U.S. v. Snype*, 441 F.3d 119, 136 (2d Cir. 2006) (holding that based on plaintiff's deposition testimony, there was no basis for a finding that plaintiff had an exclusive posessory interest in the object and thus no basis to find an expectation of privacy).  Moreover, this conclusion is further supported by the fact that the suitcase was filled with women's clothes and was located in a part of the house where Taylor did not keep his belongings.  *See Brontoli SMF ¶¶11, 36, Dkt. No. 60; see also U.S. v. Osorio*, 949 F.2d 38, 41 (2d Cir. 1991) ("A guest can not have even a subjective expectation of privacy in those areas of the host's home that are off limits to the guest or of which the guest has no knowledge.").  Taylor has failed to establish a reasonable expectation of privacy in the place searched.  Accordingly, defendants' motions are granted and Taylor's Fourth Amendment claim is dismissed.

## IV.  Conclusion

Having reviewed the defendants' renewed motions for summary judgment, Taylor's response, and the controlling case law, defendants'

motions (*Dkt. Nos. 60, 62*) are granted.

**WHEREFORE**, for the foregoing reasons, it is hereby

   **ORDERED**, that defendants' motions for summary judgment (*Dkt.*

*No. 60, 62*) are **GRANTED** and Taylor's complaint is dismissed in its

entirety (*Dkt. No. 1)*; and it is further

   **ORDERED**, that the Clerk of the Court provide a copy of this Order

to the parties.

**IT IS SO ORDERED.**

May 8, 2007
Albany, New York

Gary L. Sharpe
U.S. District Judge

8